**IN THE COURT OF APPEALS OF IOWA**

No. 20-1045
Filed November 30, 2020

**IN THE INTEREST OF J.M. and C.M.,**
**Minor Children,**

**M.P., Mother,**
       Appellant,

**S.M., Father,**
       Appellant.
_____

Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.

A father and mother separately appeal the termination of their parental rights to two children. **AFFIRMED ON BOTH APPEALS.**

Cole J. Mayer of Macro & Kozlowski, L.L.P., West Des Moines, for appellant mother.

Tyler Phelan of Borseth Law Office, Altoona, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Karl Wolle of Juvenile Public Defender's Office, Des Moines, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**VAITHESWARAN, Judge.**

A father and mother separately appeal the termination of their parental rights to two children, born in 2010 and 2011. The children came to the attention of the department of human services in 2019 after their highly-intoxicated mother strangled one of them. The children were removed and adjudicated in need of assistance. The case proceeded to termination during the COVID-19 pandemic. As a result, the termination hearing was held virtually by authorization of the supreme court.

The juvenile court terminated parental rights pursuant to several provisions. *See* Iowa Code § 232.116(1)(d), (f), (i) (2020). The court also found that termination of parental rights was in the children's best interests and the statutory exceptions to termination were inapplicable. *See id.* § 232.116(2), (3). Both parents appealed.

**I.    *Father***

The children's father was incarcerated throughout the proceedings. He did not expect to be released until 2023.

The father concedes the State proved that the children could not be returned to his custody at the time of the termination hearing. *See id.* § 232.116(1)(f). He argues the court should have declined to terminate his parental rights and should have placed the children in a guardianship so he could have ongoing contact with them. In that context, he also asserts termination was not in the children's best interests and exceptions to termination should have been invoked.

"[A] guardianship is not a legally preferable alternative to termination." *In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018) (citation omitted). "Although a guardianship may provide some permanency, it does not necessarily provide stability for the child." *In re R.S.R.*, No. 10-1858, 2011 WL 441680, at *4 (Iowa Ct. App. Feb. 9, 2011). "So long as a parent's rights remain intact, the parent can challenge the guardianship and seek return of the child to the parent's custody." *Id.*

The father sought to have the children placed in a guardianship with their maternal grandfather while preserving his parental rights. The department supported a transfer of the children to the grandfather's care but did not support maintaining the father's parental rights. In a department employee's view, the children "need[ed] to know where they [were] going to be permanently."

On our de novo review, we agree with the employee's assessment. The father was not slated to be released from prison for several years, and he failed to maintain a relationship with them for about half their lives. Given the upheavals they had already experienced, they required a stable and permanent living arrangement. As the children's guardian ad litem stated, "I believe that these kids, whatever happens, that they need certainty, that they need an answer and that they need an answer as soon as possible."

We conclude termination of the father's parental rights was in the children's best interests, the court appropriately denied his request to invoke an exception to termination, and the creation of a guardianship without termination was not warranted.

## II.    *Mother*

Preliminarily, the mother contends due process required an in-person termination hearing.  This court recently held otherwise, considering "additional safeguards" that were employed to protect the parents' rights, as in this case.  *See In re A.H.*, ___ N.W.2d___, ___, No. 20-0654, 2020 WL 4201762 at *5–9 (Iowa Ct. App. July 22, 2020).

The mother next contends the State failed to prove the grounds for termination.  She admitted she "grossly underreported" her alcohol consumption "through the near entirety of this case."  While she testified she did not "stay intoxicated every single day," she said she "absolutely" did drink and her last drink was "maybe a week" before the termination hearing.  She also conceded missing multiple breath screenings for her probation officer and providing multiple positive screens.  Her violations were so numerous that her probation officer recommended revocation of her deferred judgment on the charge resulting from the strangulation and admittance into an inpatient treatment program at a women's correctional facility.  On our de novo review, we agree with the juvenile court that the children could not be returned to the mother's custody.  *See* Iowa Code § 232.116(1)(f)(4).

This brings us to the mother's contention that termination was not in the children's best interests.  *See id.* § 232.116(2).  The mother's untreated addiction compromised the safety of one of the children in 2019.  Over the ensuing fifteen months, there was scant indication that the mother seriously worked toward sobriety.   At the termination hearing, she admitted she "definitely" needed additional treatment.  In light of her concession and the continuing threat to the

children's safety if she did not embrace a treatment regimen, we conclude termination was in the children's best interests.

We turn to the mother's request for additional time. The department reported that the mother was "offered mental health, domestic violence support services and substance abuse services during the life of the case, but [did] little to get the children back in her care." The department employee overseeing the case testified: "I don't think she's really taken any steps seriously until about a month before these proceedings started." Although her recent acceptance of and willingness to address her addiction was a positive step, the department employee testified, "[S]he has a long way to go yet . . . with her sobriety." On our de novo review, we conclude additional time was not warranted. *See R.S.R.*, 2011 WL 441680, at *4 ("From our review of the record, including the mother's past inability to avoid using illegal drugs, even when pregnant and in substance abuse treatment and facing termination of her parental rights, we conclude the juvenile court did not abuse its discretion in refusing to give the mother an additional six months to achieve reunification with the child.").

We are left with the mother's contention that the juvenile court should have invoked an exception to termination. *See* Iowa Code § 232.116(3). The court addressed each of the statutory exceptions and elected to not apply any of them. We concur in the court's thorough analysis of those exceptions.

We affirm the termination of the parents' rights to the children.

**AFFIRMED ON BOTH APPEALS.**